UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNETTE HATWOOD,

                    Plaintiff,

        -against-

SAVANNAH SANCHEZ,

                    Defendant.

22-CV-5527 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, alleging that Defendant stole her identity. By order dated July 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The complaint is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, a Manhattan resident, filed this complaint against Savannah Sanchez, who may reside in New York or Pennsylvania. Plaintiff alleges that Defendant violated her "civil privacy" by stealing Plaintiff's identify and her property and "hacking" into her "devices" and "network business designer bags for less." (ECF 2 ¶ I.) The following facts are drawn from the complaint. From July through September 2020, Plaintiff asked Sanchez, who apparently worked for Plaintiff, to "do errands call and email clients." (*Id.* ¶ III.) Plaintiff discovered that client emails were going directly "to [Sanchez's] personal phone," and when Plaintiff confronted Sanchez, she lied about it. Plaintiff fired Sanchez, and thereafter Plaintiff's "network was compromised (Spectrum)," and her "devices were hacked with [Sanchez's] email on [Plaintiff's] iPad." (*Id.*) Plaintiff alleges that: (1) she lost her business email accounts; (2) money was stolen from various accounts; (3) her credit cards were "fraudulently used"; (4) she was "cyber stalked"; and (5) devices belonging to her mother and children were hacked. (*Id.*) Plaintiff seeks the return of approximately $25,000, and to get her "life back." (*Id.* ¶ IV.)

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## A.     Federal-question jurisdiction

To support the exercise of federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A matter arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff purports to bring this action under the Court's federal question jurisdiction. There are no facts in the complaint, however, indicating that her claims present a federal question. Plaintiff alleges that Defendant, a private individual, violated her privacy and stole from her. These allegations do not suggest that Plaintiff can state a federal claim. The allegations

3

appear to give rise to claims arising solely under state law. The Court will therefore examine

whether the Court has diversity jurisdiction to consider Plaintiff's claims.

**B.      Diversity jurisdiction**

To establish the Court's diversity jurisdiction, a plaintiff must first show that she and the

defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v.*

*Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original'

diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if

there is no plaintiff and no defendant who are citizens of the same State."). For diversity

purposes, an individual is a citizen of the State where he is domiciled, which is defined as the

place where a person "has his true fixed home . . . and to which, whenever he is absent, he has

the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)

(internal quotation marks and citation omitted). An individual "has but one domicile." *Id*

There is a second component of diversity jurisdiction: the amount in controversy must be

in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will

control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in

controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the

complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction."

*Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am.,*

*Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional

amount has been met, district courts are permitted only to assess the allegations in a complaint

and not the validity of any asserted defenses.").

Plaintiff fails to allege facts sufficient to invoke the Court's diversity jurisdiction. First,

Plaintiff fails to specify the citizenship of Defendant. Second, she fails to allege facts sufficient

4

to suggest that her claims satisfy the jurisdictional amount – an amount in excess of the sum or value of $75,000. Plaintiff seeks $25,000 in damages arising from the alleged theft of money from various accounts. Accordingly, because Plaintiff has not shown that the Court has diversity jurisdiction to consider this action, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. Riv. P. 12(h)(3).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Judgment shall issue.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge